**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 17 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID VELASCO, individually and on behalf of all similarly-situated consumers; et al.,<br><br>Plaintiffs - Appellants,<br><br>v.<br><br>PACCAR, INC.; et al.,<br><br>Defendants - Appellees,<br><br>and<br><br>KENWORTH TRUCK COMPANY,<br><br>Defendant. | No.   14-55975<br><br>D.C. No. 2:13-cv-09407-R-AS<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted May 5, 2016
Pasadena, California

Before: FISHER, M. SMITH, and NGUYEN, Circuit Judges.

Plaintiffs, a putative class of freight-delivery truck drivers, appeal the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

dismissal of their Second Amended Complaint (SAC) without leave to amend. The district court denied leave to amend because Plaintiffs had previously amended their complaint twice in order to add named parties. Plaintiffs amended their complaint first as a matter of course, and then a second time pursuant to a joint stipulation that only permitted adding parties. Fed. R. Civ. P. 15(a). Reviewing for abuse of discretion, *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008), we affirm in part and reverse in part.

Courts should freely grant leave to amend absent evidence of bad faith, futility, undue delay, prejudice to the opposing party, or a party's "repeated failure to cure deficiencies by amendments previously allowed." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also* Fed. R. Civ. P. 15(a)(2). We affirm the dismissal of the SAC because the claims were deficiently pled in a number of respects. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). However, the district court abused its discretion when it denied Plaintiffs an opportunity to cure these deficiencies solely on account of the prior non-substantive amendments, without making any findings regarding bad faith, futility, undue delay or prejudice. *See Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003) ("Absent prejudice, or a strong showing of any of the remaining *Foman* factors,

2

there exists a *presumption* under Rule 15(a) in favor of granting leave to amend.").

We therefore vacate the dismissal with prejudice and remand with instructions that Plaintiffs be allowed to file an amended complaint.

Costs are awarded to Plaintiffs.

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**